UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON WELCH, SR.,

                Petitioner,

  v.                                                9:24-CV-0806
                                                        (BKS/ML)
JULIE WOLCOTT,

                Respondent.
_____

APPEARANCES:                                   OF COUNSEL:

AARON WELCH, SR.
Petitioner, pro se
14-B-0149
Attica Correctional Facility
Box 149
Attica, New York 14011

BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Aaron Welch seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").[1,2]  Petitioner also properly commenced the instant action by remitting the statutory filing fee.  Dkt. No. 2, IFP Application; Dkt. No. 3, Administrative Closure Order; Dkt. No. 5, Motion (seeking extension of time to comply with the closure order); Dkt. No. 6, Text Order (granting extension); Dkt. Entry dated 06/17/24 (memorializing receipt information from filing fee transaction).  For the reasons which follow, petitioner is

---

[1]  The Petition was initially filed in the United States District Court for the Western District of New York.  *See Welch v. Wolcott*, No. 1:24-CV-0448 (W.D.N.Y.).  The case was transferred to this District on June 24, 2024.  Dkt. No. 7, Transfer Order; Dkt. No. 8.
[2]  Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

directed to file an affirmation with the Court explaining why this case should not be dismissed as time barred.

## II.     PETITION

Petitioner challenges his 2014 judgment of conviction, upon a guilty verdict, from Oneida County, for two counts of Second-Degree Murder. Pet. at 1. Petitioner did not directly appeal his judgment of conviction. *Id.*

On April 22, 2022, petitioner filed a motion to vacate his conviction, pursuant to New York State Criminal Procedure Law § 440.10, arguing that he was entitled to relief because his plea was not knowingly, voluntarily, and intelligently made and he received ineffective assistance of counsel. Pet. at 3, 10. Petitioner also filed a motion seeking to set aside his sentence, pursuant to New York State Criminal Procedure Law §440.20, claiming that the Court's recommendation that petitioner never be considered for parole constituted a natural life sentence. *Id.* at 10. Both of petitioner's 440 motions were denied, without a hearing, on September 30, 2022. *Id.* at 59; *see also id.* at 10-59 (copy of the Oneida County Court's decision denying petitioner's 440 motions). Petitioner filed an application for leave to appeal which the New York State Appellate Division, Fourth Department, denied on July 24, 2023. *Id.* at 4-5, 60.

Petitioner argues that he is entitled to federal habeas relief because (1) his confession was coerced in violation of his privilege against self-incrimination, Pet. at 6; (2) his counsel was constitutionally ineffective, *id.* at 7; (3) petitioner's plea was altered by the sentencing court, *id.*; and (4) the prosecutor unlawfully submitted inadmissible evidence regarding petitioner's competency examination, *id.* For a complete statement of petitioner's claims, reference is made to the Petition.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012). Specifically, that is when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *See Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).[3]

Petitioner was sentenced on January 10, 2014. Pet. at 1, 24. Petitioner explicitly states that he did not file a direct appeal. *Id.* at 1, 27. Because petitioner did not file a direct appeal, his conviction became "final" thirty days later, on February 10, 2014, when the time in which he could have sought appellate review of his conviction in state court expired.[4] *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (explaining that the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-1323 (DNH), 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the

---

[3] Other dates from which the limitations period may start running are: (1) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; (2) the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable; or (3) the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B)-(D). However, none of these alternate accrual dates apply to the instant action.

[4] Thirty days from January 10, 2014, was Sunday, February 9, 2014. *See* N.Y. Gen. Constr. Law § 25-a; *see also* Fed. R. Civ. P. 6(a)(1)(C).

3

'imposition of the sentence' to notify the court that he will appeal.") (quoting CPL § 460.10(1)(a)).  Petitioner had one year from that date, or until February 10, 2015, to timely file his federal habeas petition.  The present petition, placed in the prison mailing system on April 29, 2024, was filed over nine years beyond the expiration of the statutory limitations period.[5]

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548.  The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken.  *Saunders*, 587 F.3d at 548; *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).  The tolling provision "does not reset the date from which the one-year statute of limitations begins to run."  *Smith*, 208 F.2d at 17.

Unfortunately, petitioner's two 440 motions collaterally challenging his state court conviction will not trigger any statutory tolling.  That is because the 440 motions were filed on April 22, 2022, over seven years after the limitations period had expired, and a 440 motion cannot serve to "revive [an] expired statute of limitations."  *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

Further, the AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To warrant

---

[5] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Additionally, courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, nothing in the petition indicates that petitioner is attempting to invoke any sort of equitable tolling or equitable exception. Thus, it does not appear that any equitable considerations would save the petition from being time-barred.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition.  The affirmation shall not exceed fifteen (15) pages in length.  Petitioner should state the date(s) upon which he filed any state court applications for relief, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied.  **If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.**  No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: July 12, 2024

Brenda K. Sannes
Chief U.S. District Judge